**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

ALFREDO GONZALEZ,

    Plaintiff,

v.                                                                          Civ. No. 23-526 GJF

KRISTINE KASPERSKI and G.T.
MOBILE HOME MOVERS,

    Defendants.

### MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

Plaintiff, who is proceeding *pro se*, was injured while working for Defendant G.T. Mobile Home Movers ("G.T.") after his boss refused to assign someone to hold the ladder and he fell off that ladder. *See* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 [ECF 1] ("Compl.") at 2. Plaintiff's boss fired him after the accident. *See id.* Plaintiff alleges that Defendant Kasperski, an adjuster with an insurance company, "did not do her job to help [him] obtain care for an injury [he] obtained while at work." *Id.* at 3.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction."); *Evitt v. Durland*, Civ. No. 00-6130, 2000 U.S. App. LEXIS 29783, at *2 (10th Cir. 2000) (unpublished) (observing that "even 'if the parties do not raise the question' themselves, it is our duty to address the apparent lack of jurisdiction sua sponte" (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988))).

It appears the Court should dismiss this case because the Complaint [ECF 1] does not show

that the Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, there is no properly alleged federal question jurisdiction. There is also no properly alleged diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir. 2006). There is no diversity jurisdiction because Plaintiff and Defendants are all citizens of New Mexico. *See* Compl. at 1–2.

The Court will therefore order Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction. In addition, the Court will require Plaintiff to file an amended complaint alleging facts that support the Court's jurisdiction over this case.

**IT IS THEREFORE ORDERED** that Plaintiff shall, no later than **July 17, 2023**, (1) show cause why the Court should not dismiss this case for lack of jurisdiction and (2) file an amended complaint alleging facts that support the Court's jurisdiction over this case. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE