IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALFREDO GONZALEZ,

      Plaintiff,

v.                                                                       No. 2:23-cv-00526-WJ-GJF

KRISTINE KASPERSKI and
G.T. MOBILE HOME MOVERS,

      Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, was injured falling off a ladder while working for Defendant G.T. Mobile Home Movers ("G.T.") after his boss refused to assign someone to hold the ladder. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 2, Doc. 1, filed June 20, 2023 ("Complaint"). His boss fired Plaintiff after the accident. *See* Complaint at 2. Plaintiff alleges that Defendant Kasperski, an adjuster with an insurance company, "did not do her job to help me obtain care for an injury I obtained while at work." Complaint at 3.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff that as the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction and stated:

> It appears the Court should dismiss this case because the Complaint [ECF 1] does not show that Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). Although Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Thus, there is no properly alleged federal question jurisdiction. There is also no properly alleged diversity jurisdiction. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris,* 472 F.3d 754, 758 (10th Cir.2006). There is

no diversity jurisdiction because Plaintiff and Defendants are all citizens of New Mexico.  *See* Compl. at 1-2.

Order to Show Cause at 1-2, Doc. 3, filed June 26, 2023.  Judge Fouratt ordered Plaintiff to show cause why the Court should not dismiss this case for lack of jurisdiction and to file an amended complaint alleging facts that support the Court's jurisdiction over this case.

Plaintiff filed an Amended Complaint but did not file a separate response to Judge Fouratt's Order to Show Cause by the July 17, 2023, deadline.  *See* Amended Complaint, Doc. 4, filed July 14, 2023 (filed using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983").  The Amended Complaint is essentially the same as the original Complaint, alleging that Plaintiff's employer Defendant GT Mobile Home Movers refused to provide someone to hold the ladder from which Plaintiff fell and later terminated Plaintiff's employment, and that the insurance adjuster Defendant Kasperski told Plaintiff they could not cover anything related to Plaintiff's accident.  *See* Amended Complaint at 5.

Plaintiff has not met his burden of alleging facts that support federal question or diversity jurisdiction.  Although Plaintiff used the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," there are no factual allegations showing that this action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; *see Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986) ("The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law").  There is no diversity jurisdiction because Plaintiff and both Defendants are citizens of New Mexico.  *See* Amended Complaint at 1-2.

The Court dismisses this action without prejudice for lack of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213,

1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims."). Because it is dismissing this case, the Court denies Plaintiff's motion to proceed *in forma pauperis* as moot.

**IT IS ORDERED** that:

(i) This case is **DISMISSED without prejudice.**

(ii) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 5, filed July 14, 2023, is **DENIED.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**